TxjRley, J.
delivered the opinion of the court.
This is a bill filed by the complainant, to enjoin the collection of a judgment at law, for the following reasons: — One George Craft, being indebted to him, proposed to give him his note, with one Rogal Furguson as endorser; by mistake the note was made payable to Cahal, which made Furgurson the second endorser instead of the first. But the proof shows, satisfactorily, that it was Furguson’s understanding and agreement, that he was to be responsible to Cahal for the payment of the note. The note was transferred by Cahal, with his own and Fur-guson’s endorsement, to one Roger B. Maze, who endorsed it to the Union Bank of Tennessee. The note not being paid at maturity, Cahal and Maze were sued, by the Bank, and judgment had — Maze paid the debt to the Bank, and transferred the judgment to defendant, Frierson, who is the administrator of the estate of Rogal Furguson, in discharge of a debt due to Furguson. Frierson has caused execution to be issued against Cahal, and he has filed a bill to enjoin the payment, &c.
The injunction was dissolved in the chancery court, and Cahal had to pay the money; but on the final hearing of the cause, a decree was rendered in his favor directing the repayment of said debt and interest to Cahal. From which decree, an appeal has been prosecuted to this court.
The statement of the case shows the complainant’s equity so clear, that argument cannot further illustrate it.
Furguson contracted with Cahal, to be bound to him as security for Craft. This he would have been by the terms of the- instrument, if the note had been made payable to him, but by mistake Cahal’s name was substituted for his — which defeated the object of the contract, and deprived Cahal of his se *412 curity. This is a mistake which a court of chancery finds no difficulty in rectifying: and the money having been paid by Cahal, under these circumstances, it was certainly right and proper that he should receive it back. Let the decree be affirmed.